IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JACOB HARMON, *et al* | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | NO. 17-4549 |
| STATE FARM INSURANCE COMPANY | : | |
| | : | |

KEARNEY, J.                                                                                          February 22, 2018

## MEMORANDUM

Parties seeking insurance coverage for personal injuries are often frustrated with the amount of time their insurer expends in evaluating medical losses and paying personal injury claims. The insureds attempt to escalate the stakes by asserting the insurer acts in bad faith during this investigation. But when the insurer presents undisputed evidence of a continual effort to obtain often delayed medical information and the insureds present no clear and convincing evidence of an insurer's bad faith, we must dismiss a bad faith claim. The mere pleading of bad faith does not suffice. We grant the insurer's motion for partial summary judgment dismissing statutory claims in the accompanying Order.

**I.     Facts in the light most favorable to the Harmons.**

On October 13, 2016, an unknown vehicle hit Jacob Harmon's car and drove away.[1] Mr. Harmon reported the accident to police officers and made a claim for damage to his car and personal injuries under his insurance policy with State Farm Automobile Insurance Company.[2] State Farm insurance adjuster Lisa M Thompkins responded to Mr. Harmon's claim on the same day by letter asking him to call and discuss his claim.[3]

The next day, State Farm completed its investigation of the collision and found Mr. Harmon's property damage claim is payable under the policy.[4] State Farm estimated the damage to Mr. Harmon's rear bumper to be $1,734.26 with $1,484.26 payable after subtracting the $250 deductible.[5] State Farm sent a second letter on October 14, 2016 requesting Mr. Harmon authorize the release of his medical records, forward his medical bills, and telling him it may require an independent medical examination.[6]

Mr. Harmon promptly hired an attorney, William E. Averona to represent him in his claim under his uninsured motorist policy with State Farm.[7] Attorney Averona informed State Farm of his representation on October 24, 2016.[8] State Farm claims adjuster Amanda Bebout called Attorney Averona on November 9, 2016 and requested the police report.[9] On November 29, 2016, Attorney Averona provided the police report and asked Ms. Bebout to inform him of Mr. Harmon's uninsured motorist policy limits and provide medical authorization forms for Mr. Harmon to sign.[10]

On December 1, 2016, Ms. Bebout acknowledged Attorney Averona's representation of Mr. Harmon and State Farm, through Ms. Bebout, agreed to work with Attorney Averona to resolve Mr. Harmon's claim.[11] On December 9, 2016, Ms. Bebout sent Attorney Averona a medical authorization form and an injury questionnaire for Mr. Harmon and requested a list of doctors treating Mr. Harmon.[12]

On December 13, 2016, Attorney Averona asked Ms. Bebout confirm Mr. Harmon's uninsured motorist claim is "bona fide" and for a medical authorization form.[13]

Almost four months later, Attorney Averona provided Ms. Bebout an authorization and report from Dr. Alex Vaccaro who treats Mr. Harmon.[14] Attorney Averona also told Ms. Bebout

2

two additional doctors, Dr. Christian Fras and Dr. John McPhillemy, treated Mr. Harmon's injuries and asked Ms. Bebout to promptly request medical records from those doctors.[15]

On March 10, 2017, Ms. Bebout requested Mr. Harmon' medical records from Dr. Fras and Dr. McPhillemy.[16] From the medical records, Ms. Bebout learned Mr. Harmon had back surgery in 2015 and suffered injury in car accidents in 2014 and 2010.[17] On March 22, 2017, Attorney Averona gave Ms. Bebout a report from Dr. Fras and told her State Farm does not have "adequate coverage to compensate him for what he has been through or will be through in the future."[18]

On May 22, 2017, Attorney Averona told Ms. Bebout he is prepared to sue State Farm for failing to "honor" their insurance policy and violating Pennsylvania's Insurance Regulation law.[19] Attorney Averona said he provided State Farm "ample proof" of Mr. Harmon's losses "who only has a $100,000.00 policy" and State Farm "ignored" its duty under the insurance contract and Pennsylvania law.[20] On the same day in a separate letter, Attorney Averona said Mr. Harmon is also treating with Dr. Gerald Dworkin and had further treatment with Dr. McPhillemy.[21] Attorney Averona valued the case "far in excess" of Mr. Harmon's policy limit and told Ms. Bebout she "will proceed to settle this case or not, at your own peril."[22]

Less than ten days later, Ms. Bebout sent Attorney Averona notice under Pennsylvania insurance law informing him State Farm had not resolved Mr. Harmon's claim because it is awaiting Mr. Harmon's demand package and supporting documentation to finish its evaluation.[23] On the same day, Ms. Bebout told Attorney Averona she was waiting for Mr. Harmon's demand package to evaluate his uninsured motorist claim and then wrote to Attorney Averona confirming their discussion.[24] Ms. Bebout requested records from Mr. Harmon's primary care physician and surgeon from before his accident and his ongoing treatment.[25]

3

On June 19, 2017, State Farm claims specialist Brian Witter informed Attorney Averona the medical bills submitted on behalf on Mr. Harmon reached the $10,000 limit for his coverage.[26]

The next day, Ms. Bebout requested medical release authorization form for Mr. Harmon's previous back surgery and car accident treatment.[27] Ms. Bebout sent a letter to Attorney Averona confirming their discussion and enclosing the medical authorization forms.[28] On July 19, 2017, Attorney Averona returned the signed medical release, information about Mr. Harmon's Medicare lien, and Dr. McPhillemy's report.[29] Attorney Averona requested Ms. Bebout inform him which doctor's reports State Farm needed to complete its evaluation.[30]

On August 14, 2017, Attorney Averona demanded State Farm tender the $100,000 policy limit within two weeks or provide reasons why State Farm refuses to pay.[31] Attorney Averona alternatively suggested State Farm could examine Mr. Harmon or have him give a statement under oath if they wished.[32]

On August 29, 2017, Ms. Bebout responded she reviewed the medical records submitted and it did not appear to her to be a complete collection of records from October 13, 2016.[33] Ms. Bebout also stated Attorney Averona had not provided a demand package to State Farm on behalf of Mr. Harmon meaning she could not determine the extent of Mr. Harmon's loss from this accident versus pre-existing back aliments and surgeries from before the accident.[34]

On September 5, 2017, Attorney Averona sent Ms. Bebout a copy of the complaint Mr. Harmon filed against State Farm for bad faith under 42 Pa.C.S. § 8371, a violation of Pennsylvania's Unfair Claims Practices Act, and breach of contract in the Philadelphia Court of Common Pleas.[35] Mrs. Harmon incorporates the facts and seeks damages for loss of consortium. State Farm timely removed.[36]

## II.    Analysis

State Farm moves for partial summary judgment seeking to dismiss the bad faith claim under 42 Pa.C.S. § 8371 and the claim under Pennsylvania's Unfair Claims Practices Act, 31 Pa. Code § 146.6 because Mr. Harmon cannot show State Farm lacked a reasonable basis for denying benefits as a matter of law.[37] State Farm does not move to dismiss the thinly-plead claim for breach of contractual obligations or Mrs. Harmon's loss of consortium claim.[38] The Harmons do not oppose State Farm's motion. Even without opposition, we must still determine if summary judgment is proper under Federal Rule of Civil Procedure 56.[39] Under Rule 56(e)(2), we consider State Farm's facts as undisputed for the purposes of this motion because the Harmons failed to file an Statement of Undisputed Facts or an Appendix with supporting evidence consistent with his obligations under Rule 56 and our October 26, 2017 Scheduling Order.[40]

### A.    Mr. Harmon fails to adduce evidence State Farm lacked a reasonable basis.

Mr. Harmon alleges State Farm acted with bad faith in failing to investigate the value of his claim, failing to make a timely offer under Pennsylvania's Unfair Practices Act, and in State Farm's claim adjuster, Ms. Bebout, disregarding Mr. Harmon's claim.

To prove bad faith under § 8371, Mr. Harmon must adduce clear and convincing evidence "(1) [State Farm] did not have a reasonable basis for denying benefits under the policy; and, (2) [State Farm] knew or recklessly disregarded its lack of a reasonable basis in denying the claim."[41] Bad faith means "any frivolous or unfounded refusal to pay proceeds of a policy."[42] Mr. Harmon can also base his bad faith claim on State Farm's failure to investigate his claim.[43] The Pennsylvania Supreme Court recently clarified Mr. Harmon does not have to show State Farm had a "subjective motive of self-interest or ill-will" to prove a bad faith claim, although

5

such evidence would be probative.[44] "In order to defeat a claim for bad faith, [State Farm] must demonstrate 'a reasonable basis' for its denial of benefits."[45] We may find an insured's bad faith claims fails as a matter of law if Mr. Harmon fails to meet his higher burden and adduce clear and convincing evidence for a jury to find State Farm lacked a reasonable basis.[46]

Mr. Harmon must establish bad faith by clear and convincing evidence. Mr. Harmon fails to meet his burden because he failed adduce evidence to dispute State Farm's reasonable basis. The undisputed evidence shows, as a matter of law, State Farm acted reasonably investigating Mr. Harmon's claims and asking for additional documents and delays were caused by Mr. Harmon failing to submit documentation.

State Farm adduced evidence of a reasonable basis for refusing to make an offer on Mr. Harmon's claim. State Farm adduces evidence it acted reasonably in not making an offer on Mr. Harmon's claim because Mr. Harmon failed to submit a demand package under the policy. State Farm also adduced evidence it acted reasonably in requesting additional medical records from Mr. Harmon before evaluating his claim because State Farm learned Mr. Harmon had surgery and injuries to his back before the accident and they needed to determine the extent of his previous injuries before making an offer. This is not a case of inordinate delay or ignoring requests from the insured. The evidence instead confirms a continual dialog between the injured insured and the insurer. The insurer sought information. We have no evidence suggesting its request for more information evidences bad faith.

**B.      Mr. Harmon cannot pursue a private cause of action under Pennsylvania's Unfair Claims Practices Act.**

Pennsylvania's Unfair Claims Practices Act does not create a private cause of action for Mr. Harmon. Only Pennsylvania's Insurance Commissioner may enforce the statute.[47] We grant

6

State Farm summary judgment and dismiss Mr. Harmon's claim under Pennsylvania's Unfair Claims Practices Act.

**III.    Conclusion**

We grant State Farm's motion for partial summary judgment on Mr. Harmon's claim for bad faith under § 8371 because Mr. Harmon fails to adduce evidence showing State Farm lacked a reasonable basis for delaying making an offer on his personal injury claim and by requesting more documents.  We also grant State Farm summary judgment on Mr. Harmon's claim under Pennsylvania's Unfair Claims Practices Act because there is no private cause of action.  Mr. Harmon proceeds only on a breach of contract claim and, as there has been no challenge to her claim under contract law, Mrs. Harmon proceeds on her loss of consortium claim.

---

[1] Appendix, p. 37-38 (hereafter "Appx. 037-38".)  We consider the "underlying facts and all reasonable inferences therefrom in the light most favorable to" Mr. Harmon, "the party opposing the motion." *Slagle v. Cnty. of Clarion*, 435 F.3d 262, 264 (3d Cir. 2006) (citations omitted). Our Policies require a Statement of Undisputed Material Facts be filed in support of a Rule 56 motion, as well as an appendix of exhibits.  State Farm filed its Statement of Undisputed Material Facts and Appendix at ECF Doc. No. 9.  Mr. Harmon did not oppose State Farm's motion.

[2] Appx. 029; 037.

[3] Appx. 029.

[4] Appx. 034.

[5] Appx. 088.

[6] Appx. 030.

[7] Appx. 035.

[8] Appx. 035.

[9] Appx. 036.

[10] Appx. 036.

[11] Appx. 039.

[12] Appx. 041.

[13] Appx. 049.

[14] Appx. 050.

[15] Appx. 050.

[16] Appx. 053-57.

[17] Appx. 024.

[18] Appx. 060.

[19] Appx. 063.

[20] Appx. 063.

[21] Appx. 064.

[22] Appx. 064.

[23] Appx. 065.

[24] Appx. 066.

[25] Appx. 066.

[26] Appx. 069.

[27] Appx. 025.

[28] Appx. 071.

[29] Appx. 076.

[30] Appx. 076.

[31] Appx. 077.

[32] Appx. 077.

[33] Appx. 078.

[34] Appx. 078.

[35] Appx. 081.

[36] ECF Doc. No. 1.

[37] Summary judgment is proper when "the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party.'" *Pearson v. Prison Health Serv.,* 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Lamont v. New Jersey,* 637 F.3d 177, 181 (3d Cir. 2011)). On a motion for summary judgment, "we view the facts and draw all reasonable inferences in the light most favorable to the nonmovant." *Pearson,* 850 F.3d at 533-34 (3d Cir. 2017) (citing *Scott v. Harris,* 550 U.S. 372, 378 (2007)). "The party seeking summary judgment 'has the burden of demonstrating that the evidentiary record presents no genuine issue of material fact.'" *Parkell v. Danberg,* 833 F.3d 313, 323 (3d Cir. 2016) (quoting *Willis v. UPMC Children's Hosp. of Pittsburgh,* 808 F.3d 638, 643 (3d Cir. 2015)). If the movant carries its burden, "the nonmoving party must identify facts in the record that would enable them to make a sufficient showing on essential elements of their care for which they have the burden of proof." *Willis,* 808 F.3d at 643 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). "If, after adequate time for discovery, the nonmoving party has not met its burden, pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against the nonmoving party." *Willis,* 808 F.3d at 643 (citing *Celotex Corp.,* 477 U.S. at 322-323).

[38] ECF Doc. No. 1 at p. 10, ¶ 7. "The Defendant has violated its contractual obligation with the Plaintiff by failing to promptly review his claim or make a fair offer to him to compensate him for the injuries suffered."

[39] *See Jackson v. City of Philadelphia,* No. 11-4643, 2015 WL 2070084, *4 (E.D. Pa. 2015) ("Pursuant to Federal Rule of Civil Procedure 56(e)(2), when a party fails to respond to a summary judgment motion, the Court may grant the moving party's motion "if appropriate.").

[40] ECF Doc. No. 5.

[41] *Rancosky v. Washington National Insurance Company,* 170 A.3d 364, 377 (Pa. 2017).

[42] *J.C. Penney Life Ins. Co. v. Pilosi,* 393 F.3d 356, 367 (3d Cir. 2004)).

[43] *See Grossman v. Metropolitan Life Insurance Co.,* No. 17-2940, 2018 WL 347574, at *3 (Jan. 10, 2018) (citing *Rancosky v. Washington Nat. Ins. Co.,* 130 A.3d 79, 94 (Pa. Super. 2015), *aff'd Rancosky,* 170 A.3d 364 (Pa. 2017) ("Implicit inspection 8371 is the requirement that the insurer properly investigate claims prior to refusing to pay the proceeds of the policy to its insured.")).

⁴⁴ *Rancosky*, 170 A.3d at 377.

⁴⁵ *Grossman*, 2018 WL 347574, at *3 (quoting *J.C. Penney*, 393 F.3d at 368).

⁴⁶ *See J.C. Penney*, 393 F.3d at 367-8 (citing *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 307 (3d Cir. 1995)) ("However, even considering [the insurance company's apparent inconsistencies, there is insufficient evidence from which a jury reasonably could conclude that it was unreasonable for [the insurance company] to deny the [insured's] claim. Because the policy precludes coverage, it was reasonable for [the insurance company] to challenge the [insured's] claim. As stated previously, a reasonable basis defeats a claim of bad faith").

⁴⁷ *See United National Insurance Company v. Indian Harbor Insurance Company*, No. 14-6425, 2015 WL 8316422, at *2 (E.D. Pa. Dec. 9, 2015) (citing *Fay v. Erie Ins. Grp.*, 723 A.2d 712, 714 (Pa. Super. 1999) (denying plaintiff's request to amend to include a claim under Pennsylvania's Unfair Insurance Practices Act which governs the Unfair Claims Practices Act because the Act does not provide a private cause of action).